Common Pleas Court of Hamilton County.

HELEN S. MASTERS, ADMRX., V. JOHN E. GRABOUSKY.

Decided December 18, 1929.

*Bates, Stewart & Skirvin,* for the plaintiff.

*August A. Rendings, Jr.,* and *Edward Lee Meyer,* for defendant.

RYAN, J.

Heard on plaintiff's demurrer to second defense of defendant's answer.

The petition herein alleges among other things:

"That said Charles Emory Masters was walking across said street at said place from east to west; that at said time and place defendant was driving the automobile truck of Frank H. Von Lehmden, Edward Von Lehmden, Frank H. Von Lehmden, Jr., and Louis Von Lehmden, partners doing business as Frank H. Von Lehmden and Sons, northwardly on said Colerain avenue at an unreasonable, and high rate of speed, without keeping a proper lookout ahead of said truck and without regard for the rights and safety of other persons lawfully using said street; that while said Charles Emory Masters was walking across said street as aforesaid, said automobile truck, while being driven as aforesaid, was driven into and against the said Charles Emory Masters, injuring him," etc.

The answer of the defendant presents a second defense as follows:

"For his second defense, the defendant says that all matters in said petition contained were fully and completely adjudicated in the Court of Common Pleas, Hamil-

ton county, Ohio, in Case No. A-8852, wherein this plaintiff was the plaintiff and Frank H. Von Lehmden, Edward Von Lehmden, Frank H. Von Lehmden, Jr., and Louis Von Lehmden, partners doing business as Frank H. Von Lehmden and Sons were defendants; that on the —— day of July, 1929, at the July, 1929 term of said court, wherein the issues were the same as in the petition herein and the defendants, the Von Lehmdens, doing business as Frank H. Von Lehmden & Sons, were admittedly the principal of this defendant and this defendant was admittedly the agent of said Von Lehmdens doing business as Frank H. Von Lehmden & Sons, said defendants, Von Lehmdens doing business as Frank H. Von Lehmden and Sons recovered judgment on the merits for costs. This defendant further says that by reason of said judgment the plaintiff is estopped from proceeding with this action."

To this second defense the plaintiff demurs for the reason that the same does not state facts sufficient to constitute a defense.

The question presented is whether a judgment in an action against the master for the negligence of his servant, wherein it was admitted that at the time of the accident the servant was acting as the agent of the master, is a defense to another action brought by the plaintiff against the servant for the same cause.

In regard to the persons in whose favor or against whom the doctrine of res judicata is applicable, it is a well settled general rule that a judgment or decree is binding upon all parties to the proceeding in which it is rendered and their privies.

The rule applicable to the situation is stated in 15 Ruling Case Law, page 1026, Sec. 501, as follows:

"Where relations between the parties are analogous to that of principal and agent, or master and servant, the rule is that a judgment in favor of either, in an action brought by a third party, rendered upon a ground equally applicable to both, should be accepted as conclusive against the plaintiff's right of action against the other. It is essential, however, that the ground of liability of the principal should be the same as that of the agent and the party against whom the judgment is sought to be used as a determination of the question of liability must have had his day in court."

In the case of *Quinn* v. *State, ex rel.*, 118 O. S., 48, the court states the rule as follows:

"Syl. 1. Material facts or questions which were in issue in a former suit and were there judicially determined by a court of competent jurisdiction are conclusively settled by the judgment therein so far as concerns the parties to that action and persons in privity with them and cannot be again litigated in any future action between the same parties or privies, and this rule also applies not only to what was determined but also as to every other question which might properly have been litigated in the case."

In the above case at page 55 the court quotes from the opinion of Justice Harlan in the *Southern Pacific Road Co.* v. *U. S.*, 168 U. S., 1, at page 48, setting forth the reasons for the rule as follows:

"The general principle announced in numerous cases is that a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified. This general rule is demanded by the very object for which civil courts have been established, which is to secure the peace and repose of society by the settlement of matters capable of judicial determination. Its enforcement is essential to the maintenance of social order; for, the aid of judicial tribunals would not be invoked for the vindication of rights of person and property, if, as between the parties and their privies, conclusiveness did not attend the judgments of such tribunals in respect of all matters properly put in issue and actually determined by them."

In view of the above and other authorities examined, this court is of the opinion that the second cause of action states a valid defense to the petition, wherefore, the demurrer will be overruled.